## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RASHEED WATERS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **CHELTENHAM TOWNSHIP d/b/a** | : | **NO. 16-0216** |
| **CHELTENHAM TOWNSHIP POLICE** | : | |
| **DEPARTMENT and JOHN BARR,** | : | |
| **Individually and in his official capacity** | : | |
| **as Detective for CTPD** | : | |

## <u>MEMORANDUM OPINION</u>

**Savage, J.**                                                                      **April 20, 2016**

In this § 1983 action for malicious prosecution, the defendants, Cheltenham Township and John Barr, have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  They argue that Waters cannot make out a claim for malicious prosecution because he cannot establish that the criminal proceedings were initiated without probable cause.

Accepting Waters' allegations as true and viewing the facts in the light most favorable to him, we conclude that the defendants are entitled to judgment as a matter of law.  His amended complaint unequivocally states that he was arrested pursuant to a warrant.  Therefore, we shall grant the defendants' motion.

### Plaintiff's Allegations[1]

In August 2012, Waters reported to Cheltenham Township Police that several items, including a handgun, had been stolen from his mother's apartment.[2]  A month later, Barr, a Cheltenham Township detective, questioned Waters about the missing

---

[1] As we must in considering a Rule 12(c) motion, we accept the facts recited in Waters' amended complaint as true and view them in the light most favorable to him.

[2] Am. Compl. (Doc. No. 17) ¶¶ 7-8, 10.

firearm as if "he were a suspect."[3]   When Barr began interrogating Waters, Waters shouted at him and instructed him not to call again.[4]   On October 3, 2012, Waters was arrested by the Upper Darby Police pursuant to a warrant.[5]   The warrant was based on an eyewitness identification of Waters.[6]

Waters was detained in the Upper Darby police station for several hours and then transported to the Cheltenham Township Police Department.[7]   There, Barr informed Waters that he was being held on three counts of burglary.[8]   Waters was transferred to the Montgomery County Correctional Facility.[9]

Within a week after Waters was arrested, his attorney advised Barr that he had obtained exculpatory surveillance video that showed Waters was shopping during the alleged burglaries.[10]   Barr ignored the information.[11]   Waters remained at the Montgomery County Correctional Facility until he was acquitted sixteen months later.[12]

## Standard of Review

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2).  It must give the defendant "fair

---

[3] *Id.* ¶ 11.

[4] *Id.* ¶ 12.

[5] *Id.* ¶¶ 13, 17.

[6] *Id.* ¶ 25.

[7] *Id.* ¶ 14.

[8] *Id.* ¶¶ 15-17.

[9] *Id.* ¶ 19.

[10] *Id.* ¶¶ 20-21.

[11] *Id.* ¶ 21.

[12] *Id.* ¶¶ 27-29.

notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Although this standard "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

A motion for judgment on the pleadings pursuant to Rule 12(c) is governed by the same standard as a motion to dismiss under Rule 12(b)(6).  *See Turbe v. Gov't of Virgin Is.*, 938 F.2d 427, 428 (3d Cir. 1991).  The complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  The plaintiff must allege facts that indicate "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Pleading only "facts that are 'merely consistent with' a defendant's liability" is insufficient and cannot survive a motion to dismiss.  *Id.* (citing *Twombly*, 550 U.S. at 557).

A conclusory recitation of the elements of a cause of action is not sufficient.  The plaintiff must allege facts necessary to make out each element.  In other words, the complaint must contain facts which, if proven later, support a conclusion that the cause of action can be established.

### Analysis

An essential element of a malicious prosecution claim is that the criminal proceedings were initiated without probable cause.  *Estate of Smith v. Marasco*, 318 F.

3d 497, 522 (3d Cir. 2003).  Thus, to state a claim for malicious prosecution, the plaintiff must allege that he was charged without probable cause.[13]

Typically, an arrest warrant demonstrates probable cause.  Nevertheless, despite the existence of an arrest warrant, a plaintiff may establish a lack of probable cause by showing (1) an officer "knowingly and deliberately, or with a reckless disregard for the truth made false statements or omissions that create[d] a falsehood by applying for the warrant;" and (2) the statements or omissions were "material, or necessary, to the finding of probable cause."  *Wilson v. Russo*, 212 F. 3d 781, 786-87 (3d Cir. 2000) (quotations omitted).  An omission is made with reckless disregard if an officer withholds something that "any reasonable person" would know is "the kind of thing the judge would wish to know."  *Id.* at 788.

Waters alleges he was arrested on a warrant that was not supported by probable cause.[14]  At the same time, he acknowledges that the "basis for probable cause was an eyewitness who was not reliable."[15]  No one can dispute that identification of a suspect supplies probable cause absent reason to reject the identification.  *See Wilson*, 212 F.3d at 790.

Waters claims Barr ignored exculpatory evidence which had come to his attention.  As alleged in the amended complaint, Barr was not informed of the surveillance video that could have confirmed an alibi until after Waters had been

---

[13] To establish a claim of malicious prosecution under § 1983, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.  *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (quoting *Marasco*, 318 F.3d at 521).

[14] Am. Compl. ¶¶ 35, 37.

[15] *Id.* ¶ 25.

arrested.  It was not known to him at the time the warrant was issued.  By the time Barr was alerted to the existence of the video, the prosecution had passed to the district attorney.

Waters did not assert an alibi prior to that time.  Indeed, Waters does not allege that Barr withheld or misrepresented these facts at the time he sought the warrant. What he claims is that Barr should have done a better job.  He avers that "the defendants' investigation was grossly deficient and conclusory."[16]  Even if Barr's investigation was inadequate, it does not support a constitutional violation.  Negligence is insufficient.  *Orsatti v. New Jersey State Police*, 71 F. 3d 480, 484 (3d Cir. 1995).

Waters makes the bold statement that the "defendants instituted criminal action against [him] by way of obtaining a bench warrant for his arrest on false grounds."[17]  He claims the warrant was based entirely on an eyewitness whose unreliability Barr would have discovered had he interviewed Waters.[18]  In other words, Waters argues that Barr had a duty to interview him before obtaining the warrant.[19]  In his amended complaint, Waters states that when Barr questioned him before applying for the warrant, "he shouted at Barr, and told him not to call him again."[20]  Thus, even if Barr had such a duty, Waters resisted Barr's attempts to speak with him before the warrant was issued.

---

[16] *Id.* ¶ 26.

[17] *Id.* ¶ 35.

[18] *Id.* ¶ 25.

[19] *Id.* ¶ 22.

[20] *Id.* ¶ 12.

**Conclusion**

The allegations in the amended complaint establish that the criminal proceedings were initiated by an arrest warrant based upon an eyewitness identification of Waters as the perpetrator.  There are no allegations that Barr knowingly or recklessly made false statements or omissions in applying for the warrant.  Therefore, the defendants are entitled to judgment as a matter of law because Waters cannot establish an essential element of a malicious prosecution claim – lack of probable cause.